# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 21-2198V

| | |
|---|---|
| SHANNON LYNNE BRODEUR,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: June 27, 2024 |

*Scott William Rooney*, Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner.

*Mark Kim Hellie*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 22, 2021, Shannon Lynne Brodeur filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered shoulder injury related to vaccine administration resulting from an influenza vaccine received on November 24, 2020. Petition, ECF No. 1. On April 2, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 60.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $11,572.10 (representing $11,111.00 in fees plus $461.10 in costs). Application for Fees and Costs ("Motion") filed Feb. 6, 2024, ECF No. 56. Furthermore, counsel for Petitioner represents that Petitioner incurred $592.56 in personal out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on Feb. 20, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 57.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations and will therefore be adopted. Petitioner has also requested the hourly rate of $480 for attorney Scott W. Rooney, for all work performed in the 2023-2024 timeframe. Motion at 5-13. I find the requested rate to be reasonable and will award the attorney's fees requested. And all time billed to the matter was also reasonably incurred. Respondent offered no specific objection to the rates or amounts sought.

However, the costs requested herein require reduction. Petitioner requests $1,053.66 in overall costs. ECF No. 56 at 13-15. This amount is comprised of $461.10 in attorney's costs and $592.56 in Petitioner's out-of-pocket expenses for obtaining medical records. The majority of these costs are reasonable, with the exception of $252.09 in requested costs that have not been substantiated by any supporting documentation, such as an invoice or proof of payment. See ECF No. 56 and ECF No. 66. When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Thus, I disallow reimbursement of the unsubstantiated costs, reducing the total amount of litigation costs to be awarded by **$252.09.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $11,912.57**[3] **as follows:**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.

- **A lump sum of $<u>11,572.10</u>, (representing $11,111.00 in attorney's fees plus $461.10 in attorney's costs), in the form of a check payable jointly to Petitioner and Petitioner's counsel, Scott W. Rooney; and**

- **A lump sum of $<u>340.47</u>, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).